FJN/EDP:AA
F. # 2024R00143

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

        - against -

ANTONIO VENTI

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>COMPLAINT AND
AFFIDAVIT IN SUPPORT
OF ARREST WARRANT</u>

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

Case No. 24-MJ-249

EASTERN DISTRICT OF NEW YORK, SS:

        ALEX H. JOHNSON, being duly sworn, deposes and states that he is a Special Agent with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such.

        In or about and between January 2024 and February 2024, both dates being inclusive and approximate, within the Eastern District of New York, the defendant ANTONIO VENTI, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved one or more substances containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, and heroin, a Schedule I controlled substance.

        (Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the DEA. I have held this position for two years. Accordingly, I am a "federal law enforcement officer" under Rule 41(a)(2)(C)—that is, a government agent engaged in enforcing the criminal laws. During my tenure in this position, I have been involved in the investigation of numerous cases involving narcotics trafficking. As a Special Agent, I am authorized to investigate violations of laws of the United States, and as a law enforcement officer, I am authorized to execute warrants issued under the authority of the United States.

2. The United States, including DEA and the New York City Police Department, has been investigating the defendant ANTONIO VENTI for among other things the distribution of heroin and fentanyl in the Eastern District of New York.

3. Law enforcement lawfully obtained a cell phone belonging to an individual who purchased narcotics from the defendant ANTONIO VENTI (the "Buyer"). A review of the cell phone revealed that, between approximately January 30, 2024 and February 5, 2024, VENTI texted with the Buyer and sold a "bundle" in exchange for "100 dollars." Based on my training and experience, I know that a bundle is a refence to narcotics, namely heroin.

4. Further, pursuant to a judicially authorized warrant, law enforcement seized a cell phone belonging to the defendant ANTONIO VENTI. A review of VENTI's cell

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from records or other agents and witnesses. Where information from reports, interviews, or other agents or evidence is described in this affidavit, it is done so in sum and substance.

phone revealed numerous messages with an individual I understand is VENTI's supplier of narcotics (the "Supplier"). On or about January 29, 2024, VENTI and the Supplier discussed purchasing "5" of "the yellow ones." On or about February 1, 2024, VENTI wrote to the Supplier "Don't forget it's 6 not 5. Have to get something for a friend." Based on the timing of the message and my training and experience, I understand that VENTI was purchasing heroin to sell to the Buyer, referred to as his "friend." Furthermore, the above-referenced messages on VENTI's phone were deleted by VENTI. In my training and experience, I understand that persons involved in the trafficking of narcotics delete phone evidence in an attempt to evade detection by law enforcement.

5. On or about February 28, 2024, law enforcement agents interviewed the defendant ANTONIO VENTI. After being apprised of his rights under <u>Miranda</u> in an abundance of caution, VENTI waived his rights and told law enforcement in sum and substance that he sold the Buyer heroin on or about February 5, 2024. VENTI also voluntarily provided to law enforcement the baggies of heroin in his possession. Testing revealed that the baggies included a substance containing both heroin and fentanyl.

WHEREFORE, your deponent respectfully requests an arrest warrant so that the defendant ANTONIO VENTI, may be dealt with according to law.

It is further requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant except that the undersigned will distribute copies of this charging document and any resulting arrest warrant to other law enforcement authorities as necessary to effectuate the defendant's arrests. Therefore, premature disclosure of the contents of this affidavit and related

documents will seriously jeopardize the investigation, including by giving the defendant an opportunity to flee, destroy or tamper with evidence, or change patterns of behavior.

*Alex Johnson*
_____
ALEX H. JOHNSON
Special Agent
Drug Enforcement Administration

Sworn to before me by telephone this
22nd day of March, 2024

_____
THE HONORABLE PEGGY KUO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK